

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 11, 2015

Raymund A. Paredes, Ph.D.
Commissioner of Higher Education
Texas Higher Education Coordinating Board
Post Office Box 12788
Austin, Texas 78711

Opinion No. KP-0018

Re: Institutions eligible to participate in the Texas B-On-Time Loan Program under Chapter 56, Subchapter Q of the Education Code (RQ-1230-GA)

Dear Commissioner Paredes:

You ask for an opinion regarding which institutions are eligible to participate in the Texas B-On-Time Loan Program.[1] Through chapter 56, subchapter Q of the Education Code, the Legislature created the Texas B-On-Time Loan Program, the purpose of which is "to provide no-interest loans to eligible students to enable those students to earn baccalaureate degrees at public and private or independent institutions of higher education in this state." TEX. EDUC. CODE ANN. § 56.452(b) (West Supp. 2014); *see id.* §§ 56.451–.465 (West 2012 & Supp. 2014). To be eligible for a Texas B-On-Time Loan, a person must "be enrolled . . . in a baccalaureate degree program at an *eligible institution.*" *Id.* § 56.455(3) (West Supp. 2014) (emphasis added).

"Eligible institution" is defined for purposes of subchapter Q to include, among others not relevant here, "a private or independent institution of higher education that offers baccalaureate degree programs." *Id.* § 56.451(2)(C). "Private or independent institution of higher education" is further defined to include "only a private or independent college or university that is . . . accredited by: (i) the Commission on Colleges of the Southern Association of Colleges and Schools; (ii) the Liaison Committee on Medical Education; or (iii) the American Bar Association." *Id.* §§ 56.451(3) (adopting the definition in subsection 61.003(15)(C) of the Education Code); 61.003(15)(C). Thus, a "private or independent institution of higher education" is not an eligible institution for purposes of the Texas B-On-Time Loan Program unless it is accredited by one of the three accrediting agencies listed in subsection 61.003(15)(C) of the Education Code.

You explain that although Paul Quinn College is not accredited by one of the three accrediting agencies listed in subsection 61.003(15)(C), it has argued that section 61.222 of the Education Code "authorizes the Texas Higher Education Coordinating Board to allow the college to participate in the Texas B-On-Time Loan Program." Request Letter at 2. Section 61.222 is

---

[1]Letter from Raymund A. Paredes, Comm'r of Higher Educ., Tex. Higher Educ. Coordinating Bd., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 3, 2014), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

located in Chapter 61, subchapter F of the Education Code, which authorizes and governs the Tuition Equalization Grants Program. *See* TEX. EDUC. CODE ANN. §§ 61.221–.230 (West 2012 & Supp. 2014). Similar to the Texas B-On-Time Loan Program, students may receive a tuition equalization grant only if they are enrolled in a statutorily-authorized institution. *See id.* § 61.221 (West 2012) (explaining that a student must be "enrolled in any approved private Texas college or university"). Prior to the Eighty-third Legislative Session, only those institutions that were "private or independent institutions of higher education as defined by Section 61.003" could be approved institutions for purposes of the Tuition Equalization Grants Program. *See id.* § 61.222(a) (West Supp. 2014). In 2013, however, the Legislature added subsections 61.222(b) and (c), which state:

> (b) The coordinating board may temporarily approve a private or independent institution of higher education as defined by Section 61.003 that previously qualified under Subsection (a) but no longer holds the same accreditation as public institutions of higher education. To qualify under this subsection, an institution must be:
>
> (1) accredited by an accreditor recognized by the board;
>
> (2) actively working toward the same accreditation as public institutions of higher education;
>
> (3) participating in the federal financial aid program under 20 U.S.C. Section 1070a; and
>
> (4) a "part B institution" as defined by 20 U.S.C. Section 1061(2) and listed in 34 C.F.R. Section 608.2.
>
> (c) The coordinating board may grant temporary approval for a period of two years and may renew the approval once.

*Id.* § 61.222(b)–(c); *see also* Act of May 20, 2013, 83d Leg., R.S., ch. 1341, § 1, 2013 Tex. Gen. Laws 3555, 3555.

You explain that Paul Quinn College is eligible to participate in the Tuition Equalization Grants Program because of the amendments to section 61.222. Request Letter at 2. However, the amendments to section 61.222 relate only to "the temporary approval of an institution to participate in the tuition equalization grant program." Act of May 20, 2013, 83d Leg., R.S., ch. 1341, 2013 Tex. Gen. Laws 3555, 3555 (preamble); *see also* TEX. GOV'T CODE ANN. § 311.023(7) (West 2013) (providing that courts may consider the preamble when construing a statute). Had the Legislature intended to similarly broaden the definition of "eligible institution" for purposes of the Texas B-On-Time Loan Program, it could have amended chapter 56, subchapter Q of the Education Code or the definition of "private or independent institution of higher education" in section 61.003 of the Education Code to do so. When the Legislature employs a phrase in one section of a statute and excludes it in another, the "term should not be implied where excluded." *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). Thus, section 61.222

does not operate to expand the institutions eligible to participate in the Texas B-On-Time Loan Program.

## S U M M A R Y

Sections 56.451 and 61.003 of the Education Code require that a private or independent institution of higher education be accredited by the Commission on Colleges of the Southern Association of Colleges and Schools, the Liaison Committee on Medical Education, or the American Bar Association in order to be considered an eligible institution for purposes of the Texas B-On-Time Loan Program.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee
Assistant Attorney General, Opinion Committee